(C. D. 298)

KAUFMANN DEPT. STORES, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 14, 1940)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Pittsburgh, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of radish cutters. Duty was levied thereon at the rate of 2 cents each and 45 per centum ad valorem under paragraph 355 of the Tariff Act of 1930 as kitchen knives with blades under 6 inches in length. It is claimed that said articles are properly dutiable at the rate of 40 per centum ad valorem under paragraph 339 of said act as household utensils of the kind therein made dutiable at that rate.

In addition to the sample, page 41 of a catalog of G. M. Thurnauer & Co., Incorporated, containing a picture describing an article similar to the merchandise in question, was admitted in evidence as Illustrative Exhibit A. Also, the plaintiff offered in evidence the testimony of a single witness. No evidence was offered by the Government.

The witness, James A. Weixel, assistant buyer in the employ of the plaintiff-corporation, testified that the radish cutters in question were made of steel or base metal, chromium plated; that they were not plated with platinum, gold, or silver; that he had seen articles similar thereto used and had used them himself; that the radish cutter is screwed into a radish or carrot and curled around making a sort of a screw-curl for garnishing; that such an article is never carried in the cutlery department but in the gadget department; that in the importer's New York catalog the imported article is called a radish cutter; that when he orders such articles he designates them as radish cutters or curlers, and that he never ordered, or offered them, or sold them as knives. On cross-examination the witness testified in part as follows:

X Q. Exhibit 1 has a blade on it similar to a knife, has it not?—A. It has.

X Q. Doesn't that blade cut the radish or vegetable exactly as a knife would cut it?—A. No; because it curls it, doesn't cut it all the way through.

*   *   *   *   *   *   *   *

X Q. But it cuts it exactly as a blade would cut it, if it only attempted to cut as far as a knife?—A. Yes, sir.

X Q. So that acts identically with a knife, but the thickness of the cut is controlled by a screw?—A. That is right.

Upon this record counsel for the plaintiff in their brief filed herein contend that the evidence in support of the claim for 40 per centum ad valorem under paragraph 339 stands uncontradicted. With such contention we do not agree. There is no evidence in the record that the imported radish cutters are chiefly used in the kitchen or in the household. It is true that according to the testimony of the plaintiff's only witness such articles are used to make a sort of screw curl in carrots or radishes for garnishing purposes; but for aught we know the articles may be chiefly used in hotels or restaurants or similar places outside the home. In our opinion the evidence falls far short of sustaining the plaintiff's burden to prove error in the collector's classification, and to show that the claimed classification is correct.

Furthermore, even if the plaintiff could be said to have made out a *prima facie* case under paragraph 339, in view of the fact that the witness stated that the cutters were made of steel *or other base metal*, and the lack of proof that such other base metal may not be aluminum, it would be impossible for us to sustain the 40 per centum ad valorem rate under said paragraph 339.

However, it so happens that merchandise precisely similar to that here involved was passed upon by this court as early as February 27, 1914, in the case of *J. J. Gavin & Co.* v. *United States*, Abstract 34944, T. D. 34247, 26 Treas. Dec. 400. Among the articles there involved were certain so-called radish knives composed of a flat piece of steel with one cutting edge and a spiral or screw attachment working with a rotary movement. They were classified by the collector as manufactures of metal not specially provided for under paragraph 199 of the Tariff Act of 1909, and were claimed to be properly classifiable as kitchen or vegetable knives under paragraph 154 of said act, which, so far as here pertinent, was similar to the present paragraph 355. Of the particular articles there held to be properly dutiable as classified by the collector, this court (then the Board of General Appraisers) said:

Exhibit 2—representative of the so-called 50 dozen radish knives—is a vegetable slicer composed of a flat piece of steel 5 inches long, tapering from 1 to $\frac{1}{4}$ inch in width and from $\frac{3}{32}$ to $\frac{1}{32}$ of an inch in thickness; it has one cutting edge and a spiral or screw attachment affixed to the smaller end and designed to regulate the thickness of the vegetable slices to be cut; it works with a rotary movement and for that purpose has an opening at the other end to permit the insertion of the finger in operating the slicer.

We can find nothing in the record or from an examination of the official sample which would justify us in sustaining the claim that this vegetable slicer or kitchen utensil is commonly known as, or generally understood to be, a vegetable or kitchen knife. With the same propriety one might designate as knives such articles as can-openers, meat cutters, and similar contrivances that have cutting attachments * * *.

That conclusion was in harmony with one previously reached in the case of *G. M. Thurnauer & Bro.* v. *United States*, Abstract 17947,

T. D. 28703, 15 Treas. Dec. 53, decided January 13, 1908, in which certain spare cutters or graters used in grating, slicing, or peeling vegetables were held not to be vegetable or kitchen knives within the meaning of paragraph 155 of the Tariff Act of 1897, but to be dutiable under paragraph 193 of said act as manufactures of metal not specially provided for.

Following the cited authorities we hold as a matter of law that the present radish cutters are properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. Inasmuch, however, as that claim is not alleged in the protest, it follows that the collector's classification of the articles under said paragraph 355, although erroneous, must nevertheless stand. All claims of the plaintiff are therefore overruled, and judgment will be rendered accordingly.